**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| JASON MARTINEZ, | : | |
| Petitioner, | : | Civil No. 14-4255 (JBS) |
| v. | : | |
| ERIC HOLDER, | : | **OPINION** |
| Respondent. | : | |

**APPEARANCES:**

Jason Martinez, *Pro Se*
61885-050
FCI Fairton
P.O. Box 420
Fairton, NJ 08320

**SIMANDLE, Chief Judge**

　　Petitioner filed a Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241 challenging his future deportation proceedings. For the following reasons, this Court will dismiss the petition.[1]

---

[1] Petitioner neither prepaid the $5.00 filing fee for a habeas petition as required by Local Civil Rule 54.3(a), nor submitted a complete application to proceed *in forma pauperis* ("IFP"). Thus, the petition is subject to administrative termination for failure to pay the filing fee. Nevertheless, the petition is meritless and will be dismissed.

**BACKGROUND**

According to the Petition, on December 20, 2012, Petitioner, a native of the Dominican Republic who holds a "green card," was sentenced in this District Court for various drug charges to 60-months imprisonment and supervised release thereafter. *See United States v. Martinez*, 11-cr-352 (FSH); Pet. ¶ 13. He is currently serving that sentence. *See id.*, Pet. ¶ 4. He files this § 2241 Petition to challenge the immigration detainer placed upon him by the Bureau of Immigration and Customs Enforcement ("ICE"). *See* Pet. ¶ 6.

Petitioner argues that he can satisfy the seven-year domicile requirement to delay or suspend deportation and that it would be an undue hardship for his family if he were deported. *See* Pet. ¶ 13. He asks this Court to allow him to stay in the United States and prevent his deportation. *See* Pet. ¶ 15. It appears that Petitioner has not yet been through the immigration process.

**DISCUSSION**

**A. Legal Standard**

"Habeas corpus petitions must meet heightened pleading requirements." *McFarland v. Scott*, 512 U.S. 849, 856 (1994). A petition is required to specify all the grounds for relief available to the petitioner, state the facts supporting each ground, state the relief requested, and be signed under penalty

2

of perjury. *See* 28 U.S.C. § 2254 Rule 2(c), applicable to § 2241 petitions through Rule 1(b). "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland*, 512 U.S. at 856; *Siers v. Ryan*, 773 F.2d 37, 45 (3d Cir.1985). Habeas Rule 4 accordingly requires the Court to examine a petition prior to ordering an answer and, if it appears "that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." 28 U.S.C. § 2254 Rule 4, applicable through Rule 1(b).

**B. The Petition Must Be Dismissed.**

Any challenges to Petitioner's removal order, or in this case, future removal order, are not reviewable in this Court.

On May 11, 2005, the Real ID Act of 2005, Pub. L. No. 109-13, Div. B., 119 Stat. 231 (the "Act"), was enacted, stripping the district courts of habeas jurisdiction over removal orders. Section 106 of the Act amended 8 U.S.C. § 1252(a) by adding the following:

> (5) Exclusive means of review
> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter, except as provided in subsection (e) of this section. For purposes of this chapter, in every

3

> provision that limits or eliminates judicial review or jurisdiction to review, the terms "judicial review" and "jurisdiction to review" include habeas corpus review pursuant to section 2241 of Title 28, or any other habeas corpus provision, sections 1361 and 1651 of such title, and review pursuant to any other provision of law (statutory or nonstatutory).

8 U.S.C. § 1252(a)(5).

This statute also provides that all questions of fact or law that arise from removal proceedings can be addressed only in a petition for review to the appropriate court of appeals. *See id.* at § 1252(b)(9) ("Judicial review of all questions of law and fact ... arising from any action taken or proceeding brought to remove an alien from the United States ... shall be available only in judicial review of a final order under this section. Except as otherwise provided in this section, no court shall have jurisdiction, by habeas corpus under section 2241 of Title 28, or any other habeas corpus provision, ... to review such an order or such questions of law or fact."). Thus, the sole and exclusive means for Petitioner to challenge his removal order, once he is subject to a removal order, is by filing a petition for review in the Third Circuit. *See id.; Jordon v. Attorney General*, 424 F.3d 320, 326 (3d Cir. 2005) ("[T]he Act expressly eliminated district courts' habeas jurisdiction over removal orders."); *Duvall v. Attorney General*, 436 F.3d 382, 386 (3d Cir. 2006) ("The sole means by which an alien may now challenge

4

an order of removal is through a petition for review directed to the court of appeals.").

In the present case, in which the immigration detainer exists but has not been the product of administrative hearings, let alone a final order, this Petition is premature. Even if the REAL ID Act did not place a cloud over the district court's jurisdiction, it is clear under Section 1252(d)(1) that a court may review a final order of removal only if the alien has exhausted all administrative remedies available to him as of right. *See also Duvall v. Elwood*, 336 F.3d 228, 230 (3d Cir. 2003). In that case, the Court of Appeals held that where the petitioner had failed to obtain a final order of removal, the matter of removability was not jurisdictionally capable of review in the district court and complete exhaustion of the removal procedure remedy was found to be an unavoidable statutory prerequisite to habeas review. *See id.* at 232-33. Accordingly, the Third Circuit has held that a petitioner seeking to obtain judicial review of his nationality status, prior to a final removal order being entered, "cannot even bring such a petition under today's law*." Asemani v. Attorney General of the United States*, 140 F. App'x 368, 373 n.2 (3d Cir. July 22, 2005).

For all of these reasons, this Court finds that it has no jurisdiction to entertain this petition. If Petitioner were presently seeking judicial review of a final order of deportation, such that he had improperly filed this case in the district court when it should have been raised in a petition for review before the Court of Appeals, then this court could transfer this petition to the Court of Appeals under Section 106(c) of the REAL ID Act. That Section provides for transfer to "the court of appeals for the circuit in which a petition for review could have been properly filed under Section 242(b)(2) of the Immigration and Nationality Act (8 U.S.C. § 1252), as amended by this section...." Such a transfer is not warranted here. The Petition is, at best, premature and there is no final reviewable order for the Court of Appeals to review. In other words, the Third Circuit is not presently the circuit in which Petitioner could file a proper petition for review, because Petitioner has no final order of removal, so this Court shall not transfer the case to the appellate court. Secondly, the Petitioner will have an opportunity for court of appeals review in due course, if a final deportation order is entered by the Immigration Court.

Accordingly, the present Petition under Section 2241 must be dismissed, without prejudice to Petitioner's right to pursue his administrative remedies and, if unsuccessful, to file a

petition in the appropriate Court of Appeals challenging any final order.

## CONCLUSION

Based on the foregoing, this Court will dismiss the petition. An appropriate Order accompanies this Opinion.

                                              **s/ Jerome B. Simandle**
                                              JEROME B. SIMANDLE, Chief Judge
                                              United States District Court

Dated: **July 16, 2014**